UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK J. MURRAY, a citizen of the State of Delaware,<br><br>        Plaintiff<br>v.<br><br>JOHN C. CARNEY, in his official capacity as Governor of Delaware,<br><br>        Defendant | C.A. No. |

**COMPLAINT FOR INJUNTIVE AND DECLARATORY RELIEF**

    Plaintiff, Patrick J. Murray, by and through his undersigned counsel, upon knowledge as to himself and upon information and belief as to all other matters, alleges for his complaint as follows:

**NATURE OF THE ACTION**

    1.    At 3:00p.m. on March 12, 2020 as the threat of the spread of COVID-19 loomed, Defendant John Carney issued a DECLARATION OF A STATE OF EMERGENCY FOR THE STATE OF DELAWARE DUE TO A PUBLIC HEALTH THREAT. ("Declaration")

    2.    Within the Declaration, the Defendant stated that the State of Emergency would continue until terminated as provided under State Law, namely Title 20, Chapter 31 of the Delaware Code.

    3.    Over the course of the next sixty-four (64) days, the Defendant has renewed the State of Emergency twice (from April 10, 2020 to May 8, 2020 and from May 8, 2020 to May 31, 2020) and has issued Seventeen Modifications, almost all of which provide further restrictions to the citizens of Delaware.

4. The result of all of the restrictions is that Delawareans are effectively under house arrest with no real end in sight. In fact, Delawareans are being subjected to worse treatment than those criminal defendants that are sentenced to house arrest because the criminal defendant knows the date that the house arrest will end.

5. All Delawareans are being told is that restrictions are going to stay in place "until terminated" or "until further notice" or "until the public health threat is eliminated."

6. Delawareans are not free to go to the beaches and are not free to rent their beach properties for income.

## THE PARTIES

7. Plaintiff Patrick J. Murray is a citizen of the State of Delaware owning real property in Dewey Beach, Delaware at the Cove Condominiums, Unit 107, Dewey Beach, DE 19971.

8. Defendant John Carney is and was at all times relevant hereto the duly-elected Governor of the State of Delaware and as such was responsible for the promulgation and implementation of the policies, procedures, regulations and Declarations of and for the State of Delaware.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1983 because Plaintiff alleges a violation of his rights under the U.S. Constitution and is seeking to prevent the Defendant from further interference with his federal rights.

10. Furthermore, this action involves an interpretation of the Fifth and Fourteenth Amendment to the U.S. Constitution.

11. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. §2201 because the action presents an actual controversy within the Court's jurisdiction.

12. Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. § 1343 (a)(3)-(4) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the U.S. Constitution, and to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

13. Venue is proper in this judicial district under 29 U.S.C. § 1391(b). The Defendant is a resident of and/or performs his official duties in this district. In addition, all of the events giving rise to the claims in this Complaint arose in this district.

14. There is a present and actual controversy between the parties.

15. The relief requested is authorized pursuant to 28 U.S.C. §§2201 and 2202 (declaratory judgment), 28 U.S.C. § 1651(a) (injunctive relief) and 42 U.S.C. §1988 (right to costs, including attorneys' fees).

## SUBSTANTIVE ALLEGATIONS AND CLAIMS FOR RELIEF

### COUNT 1:

### DEPRIVATION OF LIBERTY IN VIOLATION OF THE FOURTEENTH AMENDMENT

16. Plaintiff incorporates by reference and re-alleges each and every allegation set for in all preceding paragraphs as if fully set forth in all preceding paragraphs as if fully set forth herein.

17. The Third Modification to the Declaration, states in relevant part: "Effective March 21, 2020 at 5:00p,m. E.D.T, all beaches as defined in 7 *Del. C.* §6802, whether privately or publicly

owned, including beach access points, shall be closed until after May 15, 2020, or the public health threat of COVID-19 has been eliminated. This restriction shall not apply to persons using the beaches for exercise or to walk their dogs, provided such persons follow the precautions recommended by the CDC on COVID-19 including hand hygiene and social distancing, and subject to additional closures at the discretion of local authorities."

18. On May 14, 2020 the Governor issued the Seventeenth Modification to the Declaration as follows: "Effective May 22, 2020, at 5:00p.m. E.D.T the Third Modification of the Declaration of a State of Emergency closing all Delaware beaches is stricken and replaced with the following: "1. Subject to closures or limitations declared at the discretion of local authorities, Delawareans and non-Delawareans who have been in the state for at least fourteen (14) days are permitted to use the Delaware beaches (which shall include public beaches, private beaches, state-owned ocean beaches and bay beaches) provided that beachgoers maintain social distancing of at least six (6) feet from any person outside their household while on the boardwalks or the beach. Individuals over thirteen (13) years old must wear a cloth face covering complaint with the Thirteenth Modification of the State of Emergency while on the boardwalk."

19. Until yesterday, Plaintiff was not allowed to sit on the beach at all – he could exercise or walk his dogs, subject to the discretion of local authorities. Curiously, this prohibition apparently extended to private beaches, something over which Defendant should not have jurisdiction.

20. As of yesterday, Delawareans and non-Delawareans are now allowed on the beaches but must stay 6 feet apart.

21. Even as modified, these restrictions violate Plaintiff's rights to life and liberty under the Fourteenth Amendment. The Modification requires that members of different households must

remain (6) feet apart at all times. If Plaintiff and someone outside his household want to take the risk of sitting closer than 6 feet on the beach they ought to be permitted to do so.

22. The ongoing excuse of not wanting to "overwhelm the hospitals" is unfounded as Delaware hospitals are nowhere near capacity and should not be used as a basis for keeping people apart any longer.

23. The Due Process Clause of the Fourteenth Amendment provides that '[n]o State shall….deprive any person of life, liberty or property, without due process of law."

24. While the Defendant would undoubtedly argue that preventing the spread of COVID-19 is a compelling interest, U.S. Constitution jurisprudence tells us that even in the face of a compelling interest any restriction must be by the *least restrictive means*.

25. When it became apparent that COVID-19 was in the United States and that there was great probability that the spread of the virus would be widespread, Delawareans were told to shelter in place because that was the only way to avoid the spread.  At that same time it was suggested that face coverings would not stop the spread – hence the shelter in place order.

26. Thirteen modifications later, face coverings become mandatory.  This would seem to negate the necessity of the shelter in place order because clearly the mandatory face covering requirements suggest that face coverings must help stop the spread of the virus.

27. Assuming *arguendo* that the face coverings help avoid the spread of the virus, there is no reason to further restrict citizens by requiring them to remain six (6) feet apart.

28. Furthermore, Delawareans have been inundated with information about COVID-19 and are undoubtedly must more cognizant of social distancing and proper hygiene to avoid the spread of COVID-19.

29.     Plaintiff and other Delawareans should be freed from distancing restrictions from people acquaintances and friends on the beach without governmental interference.

## COUNT 1I:

**DEPRIVATION OF LIBERTY AND PROPERTY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT**

30.     Plaintiff incorporates by reference and re-alleges each and every allegation set for in all preceding paragraphs as if fully set forth in all preceding paragraphs as if fully set forth herein.

31.     The Tenth Modification to the Declaration states in relevant part: "Commercial Lodging is hereby closed to leisure guests from the date of this Order until May 15, 2020 or the public health threat of COVID-19 has been eliminated, whichever is later.  As used herein, Commercial Lodging shall include hotels, motels, inns, short-term accommodations, vacation homes, or condo rentals (such as Airbnb, VRBO, Home Away or any other vacation or overnight accommodation rental), and other lodgings providing overnight accommodation."

32.     To date, this modification has not been amended.

33.     For owners of properties proximate to the Delaware beaches this restriction is a death knell.  For many owners, rental income from Memorial Day through Labor Day is necessary to pay the mortgage on the property for the entire year.

34.     Furthermore, for Delawareans that are unable to work because of the "shelter in place" order, rental income from a beach property becomes even more essential.

35.     Plaintiff, an owner of private property, alleges that these restrictions violate his rights under the Fifth and Fourteenth Amendment to the U.S. Constitution as more fully explained below.

36. As to the Fifth Amendment, the "Takings Clause" in relevant part states "nor shall private property be taken for public use without just compensation."

37. Plaintiff alleges that the government's restriction on the use of his private property (or nonuse as the case is here) is effectively a taking. It is for public use because the basis of the order is a "public health crisis." If Plaintiff is going to suffer a governmental taking, Plaintiff should be compensated.

38. At this point, Plaintiff is not seeking compensation, but rather, is seeking a Court Order that, without compensation, this taking runs afoul of his rights under the Fifth Amendment. Plaintiff is seeking the use of his property as he deems appropriate in these difficult economic times.

39. Plaintiff alleges further that the government's restriction on short term rentals violates his life, liberty and property rights under the Fourteenth Amendment because if he chooses to rent his property out of necessity, he would be committing a criminal offense. Each Modification states "This Order has the force and effect of law. Any failure to comply with the provisions contained in a Declaration of a State of Emergency or any modification to a Declaration of this State of Emergency constitutes a criminal offense. 20 Del. C. §§ 3115(b); 3116(9); 3122; 3125."

40. To put Plaintiff and other Delawareans in the position of committing a crime if they rent their property on a short term basis is simply too much. The blanket ban is overbroad and runs afoul of the U.S. Constitution.

41. Even if the Defendant could argue that there is a compelling state interest that justifies the violation of constitutional rights, the government must use the least-restrictive means.

A blanket ban on commercial lodging and all short term rentals is not the least restrictive means when it is possible for renters to adhere to social distancing or other recommendations of the CDC.

## INJUNCTIVE RELIEF REQUEST

Rule 65 of the Federal Rules of Civil Procedure allows the Court to issue a Temporary Restraining Order without notice to the other party only if "(a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed R. Civ. P. 65(b)(1).

The Supreme Court and the Third Circuit have recognized that a violation of constitutional rights, even for a minimal period of time, can constitute irreparable injury. *Norfolk Southern Corp. v. Overly,* 594 F. Supp. 514, 522 (1984) *quoting Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Plaintiff has signed an affidavit and undersigned counsel has certified in an affidavit why no attempts were made to give notice to the Defendant that this action was being filed.  Plaintiff prays this Court will consider the economic consequences of the continued ban on short-term rentals and issue a temporary restraining order that allows Delawareans to begin renting their private property immediately.

In *Continental Group, Inc. v. Amoco Chemicals Corp*, 614 F.2d 351 359 (3d. Cir. 1980) the Third Circuit held that more than a risk of irreparable harm must be demonstrated.

The requisite for injunctive relief has been characterized as a "clear showing of immediate irreparable injury." *Ammond v. McGahn,* 532 F.2d 325, 329 (3d. Cir. 1976). Memorial Day weekend is seven (7) days away.  If Delawareans cannot start using their properties as rental properties immediately all hope of economically surviving this pandemic will be lost.

In the alternative, if the Court does not believe that a temporary restraining order is appropriate under the circumstances, Plaintiff respectfully requests that telephonic oral argument be scheduled immediately so that both sides may be heard and the Court can determine if a Preliminary Injunction is warranted.

Plaintiff acknowledges that a preliminary injunction is an "extraordinary remedy never awarded as a right." *Winter v. Nat. Res. Def. Council, Inc.* 555 U.S. 7, 24 (2008). To prevail the Plaintiff must prove (1) that they are likely to succeed on the merits of their claim, (2)that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Id.*

Plaintiff believes that he is likely to succeed on the merits because the Defendant's orders are overbroad and clearly violate his constitutional rights and the constitutional rights of Delawareans.

Time is of the essence and Delawareans and already suffering economically and are going to suffer irreparable economic harm if the Court does not step in immediately.

As to the balance of equities, it is possible for the Court to lift the restrictions and for people to still adhere to CDC recommendations to avoid the spread of COVID-19. As a result, the balance tips in the favor of Delawareans.

Finally, Delawareans have an interest in being able to use their properties for income. As previously stated, the Defendant's blanket ban on short term lodging is unconstitutionally overbroad. "'Precision of regulation must be the touchstone in an area so closely touching our most precious freedoms.' If the State has open to it a less drastic way of satisfying its legitimate interests, it may not choose a legislative scheme that broadly stifles the exercise of fundamental

personal liberties." *Elrod v. Burns,* 427 U.S. 347, 363 (1976) *quoting U.S. v. Robel*, 389 U.S. 258 (1967).

## **PRAYER FOR RELIEF**

In light of the foregoing, Plaintiff respectfully prays that this Court:

A. Issue a temporary restraining order enjoining the Defendant from restricting access to beaches in any other way except requiring face coverings.

B. Issue a temporary restraining order enjoining the Defendant from blanket banning short term rentals and commercial lodging.

C. Issue a permanent injunction enjoining the Defendant and future Governors from restricting the use the private property for unspecified or indeterminate amounts of time.

D. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the Tenth modification to the Declaration violates the Takings Clause.

E. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the Tenth modification to the Declaration violates the Due Process Clause.

F. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the Seventeenth modification to the Declaration violates the Due Process Clause.

G. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201, that a blanket ban of the short term rentals of private property is outside the purview of the Governor's authority.

H. Award reasonable attorneys' fees and/or costs pursuant to 42 U.S.C. § 1988; and

  I. Award such other relief available under the law that may be considered appropriate under the circumstances, including other fees and costs of this action to the extent allowed by law.

                    **LAW OFFICES OF MURRAY, PHILLIPS & GAY**

                    */s/ Julianne E. Murray*
                    Julianne E. Murray, Esquire
                    Bar ID 5649
                    215 E. Market Street
                    Georgetown, DE 19947
                    (302) 855-9300
                    julie@murrayphillipslaw.com

                    *Attorney for Plaintiff*

Dated: May 15, 2020